## Case No. 13,717.

### The SYRACUSE.

[6 Blatchf. 2.] [1]

Circuit Court. S. D. New York. Nov. 27, 1867. [2]

TOWAGE — CONTRACT — NEGLIGENCE — NEW YORK HARBOR.

1. A contract by a steamer to tow a canal boat, at the risk of the canal boat, does not exempt the steamboat from liability for damages caused to the canal boat by the negligence of those in charge of the steamboat.

[Cited in The M. J. Cummings, 18 Fed. 183; The Packer, 28 Fed. 158; The Jonty Jenks, 54 Fed. 1023.]

2. Where a steamboat, with thirty-five boats in tow, is endeavoring to pass around the Battery, at New York, from the North river into the East river, she should, if the harbor is crowded with vessels at anchor, pass around Governor's Island, and come up into the East river through Buttermilk channel.

[Appeal from the district court of the United States for the Southern district of New York.]

This was a libel, in rem, filed in the district court, against the steamboat Syracuse, by the owner of a canal boat that was being towed by her from Albany to New York, to recover for the damages sustained by the canal boat, by her coming in contact, while so being towed, with a brig which was at anchor near the Battery, at New York. The district court decreed for the libellant [Case No. 8,068], and the claimant appealed to this court.

James C. Carter, for libellant.

Robert D. Benedict, for claimant.

NELSON, Circuit Justice. One ground of defence set up is, that, by the contract of towage, it was agreed that the canal boat was to be towed by the steamer at her own risk. The answer to this is, that this contract does not exempt the steamboat from liability for damages caused to the canal boat by the negligence of those in charge of the steamboat.

On the question of negligence, the court below decided against the steamboat, in ac-

1 [Reported by Hon. Samuel Blatchford, District Judge, and here reprinted by permission.]

2 [Affirming Case No. 8,068. Decree of circuit court affirmed by supreme court in 12 Wall. (79 U. S.) 167.]

cordance, I think, with the weight of the evidence. The steamboat was making the circuit to get into the East river, the tide being ebb. The weight of the proof is, that there was room sufficient, with the exercise of proper caution and care, to make the turn with safety, and avoid vessels at anchor. Besides, even conceding the crowded condition of the harbor, the steamboat should have followed the precaution of one which, with as large a tow, thirty-five boats, had gone down just ahead of her, and, to avoid danger, had passed around Governor's Island, and come up into the East river through Buttermilk channel. Decree affirmed.

[On appeal to the supreme court, the judgment of the circuit court was affirmed. 12 Wall. (79 U. S.) 167.]